IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONNIE UHRLAUB, individually, and as parent and guardian of J.U., a minor, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) Case No. 14-CV-1062-NJR-SCW |
| ABBOTT LABORATORIES and ABBVIE, INC., | ) ) ) |
| Defendants. | ) ) ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiffs' motion to dismiss filed on March 16, 2017. (Doc. 14). On April 17, 2017, Defendants filed a response asserting that the dismissal should be with prejudice or subject to certain conditions if Plaintiffs seek to refile their claims. (Doc. 16). For the reasons set forth below, the dismissal is granted, without prejudice but subject to certain conditions.

The claims asserted in this case are part of a mass action involving more than 600 claims on behalf of Plaintiffs who allege they suffered serious birth defects as a direct result of exposure to Depakote, an anticonvulsant drug marketed and sold by Defendants. The original claims were filed in various Illinois state courts starting in late 2010. Soon thereafter, Defendants removed the cases to federal court pursuant to the Class Action Fairness Act in both the Southern and Northern Districts of Illinois, a move

that Plaintiffs unsuccessfully challenged before the Seventh Circuit. *In re Abbott Labs., Inc.*, 698 F.3d 568 (7th Cir. 2012).

On May 19, 2014, the mass tort was reassigned to the undersigned District Judge from the docket of Judge David Herndon. *See* (Case No. 12-CV-52, Doc. 288). The Court attempted to advance the prospects of settlement through, among other things, the appointment of a dedicated mediator and the bellwether trial approach. (Case No. 12-CV-52, Docs. 485; 439). After almost two years of the bellwether trial process, including multiple attempts to facilitate settlement, the Court issued an Order noting the failure of the bellwether approach and setting the litigation on a path towards the next phase in the mass action. (Case No. 12-CV-52, Doc. 485). To gain a better understanding of the docket, the Court began ordering depositions of the key prescribing physicians in a number of cases. (Case No. 12-CV-52, Doc. 485, p. 3). Given the significant amount of information gained from each deposition, the Court issued a second round of prescriber depositions on October 31, 2016.[1]  (Case. No. 12-CV-52, Doc. 653).

Plaintiffs seek a dismissal without prejudice based upon a lack of "dispositive motions filed or burdensome discovery undertaken in this action…." (Doc. 14, p. 2). Defendants respond that dismissal should "be with prejudice, or, at a minimum, be subject to appropriate conditions…" (Doc. 16, p. 1).

---

[1] In addition to the intrinsic benefits the prescriber depositions provide to the Court, they also afford the parties an opportunity to cull through a wide variety of cases, revealing their potential strengths and weaknesses. While the Court cannot directly attribute the prescriber depositions to the 17% reduction in cases since July 6, 2017—such a reduction is highly correlative.

## Discussion

A plaintiff can voluntarily dismiss an action without a court order if the defendant has not served an answer or motion for summary judgment, or by the stipulation of both parties. FED. R. CIV. P. 41(a)(1). If the requirements of Rule 41(a)(1) are not met, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court consider proper." FED. R. CIV. P. 41(a)(2).

A dismissal without prejudice should be granted "unless the defendant will suffer plain legal prejudice other than the mere prospect of a second law suit." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971) (internal citation omitted). The Seventh Circuit has identified four factors to aid a court in determining if the defendant will suffer legal prejudice. The factors include: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Exp. Co.* 409 F.2d 331, 334 (7th Cir. 1969). The factors are not "a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Labs., Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980).

When dismissing an action without prejudice and imposing terms and conditions in accordance with Rule 41(a)(2), "the terms and conditions must be for the defendant's benefit. They are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again."

*McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). If a court imposes terms and conditions in accordance with Rule 41(a)(2), a plaintiff seeking dismissal without prejudice is not required to accept those conditions and instead has "the option of withdrawing his motion…and proceeding instead to trial on the merits." *Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994). If the terms and conditions imposed by a court are accepted, and a claim is dismissed without prejudice, a subsequent violation of those terms will "convert [the] dismissal without prejudice into a dismissal with prejudice." *McCall-Bey*, 777 F.2d at 1184.

Applying the *Pace* factors, it is clear that Defendants would suffer prejudice if an unconditional dismissal without prejudice were ordered. Plaintiffs assert that Defendants' "efforts and expense in preparation for the trial are minimal, if any" because "no depositions or written discovery has been completed in this case [and] no trial date has been set." (Doc. 14, p. 2). Plaintiffs' narrow view may be technically correct in that no specific discovery has been completed and a trial date has not been issued, however, such an assertion fails to appreciate the collective effort, resources, and time spent in advancing the Depakote mass action.

Defendants have been required to litigate a variety of issues in the name of advancing the mass action litigation. While Plaintiffs' brief might attempt to paint a picture that nothing has occurred in this case, the following is a non-exclusive list of actions taken that have advanced the claims in this case (along with every other case in the Depakote mass action):

1) Establishment of docketing and filing procedure. (Case No. 12-CV-52, Doc. 560).

2) Over 40 discovery hearings and status conferences before Magistrate Judge Williams where the Court, among other things, established policy and procedures to manage reoccurring discovery issues in the mass action. *See e.g.*, (Case No. 12-CV-52, Docs. 912; 827; 764; 726; 710; 684; 664; 637; 554; 536; 515; 491; 481; 462; 449; 441; 434; 431; 428; 423; 414; 396; 390; 378; 372; 369; 357; 343; 340; 325; 314; 312; 270; 262; 255; 248; 242; 238; 227; 223; 209; 199; 189; 180; 172).

3) Briefing and argument on global issues including choice of law, subject matter jurisdiction, and the plaintiffs' joint trial proposal.

4) Establishment of the Plaintiffs' Leadership Counsel (of which Plaintiffs' counsel is Co-Lead Counsel).

Finally, Defendants' discovery has been exhaustively completed through the bellwether trial approach. Prejudice would undoubtedly result if Defendants were required to cast aside all of the work completed in the mass action to begin anew in another court.

While the Court finds that prejudice would result from an unconditional dismissal without prejudice, Defendants have come nowhere near the threshold showing required to warrant a dismissal with prejudice. In the alternative, Defendants ask the Court to impose two conditions on the grant of dismissal. First, they assert that Plaintiffs should be "required to refile any personal injury claims based on J.U.'s alleged prenatal Depakote exposure in this Court," and second, they assert that Plaintiffs should be "prohibited from serving any additional discovery on Defendants or subject Defendants to any more discovery…." (Doc. 16, p. 2).

Aside from the prejudice and massive inefficiencies in starting the case anew, allowing Plaintiffs to refile their claims in a different court could induce forum shopping. As part of the Depakote mass action, the Court has made numerous rulings

applicable to the group of cases as a whole or to individual claims within the collective. Rulings applicable to the whole mass action, such as discovery orders, have shown Plaintiffs how the Court is approaching the mass action discovery. Rulings applicable to individual cases within the mass action, such as motions *in limine*, give Plaintiffs a clear indication as to how similar motions would likely be ruled on when Plaintiffs' claims come to trial. Granting a dismissal without prejudice and allowing Plaintiffs to refile in a different jurisdiction would allow them to forum shop to avoid adverse rulings in motions filed by other Plaintiffs whose claims have advanced farther in the litigation.

When Plaintiffs filed their claims against Defendants, there was a conscious decision to file the lawsuit directly in the Southern District of Illinois, where the mass action was pending, rather than some other federal or state court. This is especially true considering that Plaintiffs' counsel has been a part of the mass action since April 1, 2014. *See* (Case No. 12-CV-52, Doc. 52) (Notice of Appearance by Janet G. Abaray in the Lead Consolidated Case). Seeking to start over and file in another court is not a feasible option given the progression of the litigation. To avoid the prejudice caused by an unconditional dismissal without prejudice, if Plaintiffs seek to reinitiate legal action in connection with or involving *in utero* exposure to Depakote, the action must be filed in the United States District Court for the Southern District of Illinois.

The second condition Defendants request is that if a dismissal without prejudice is granted, Plaintiffs should be "prohibited from serving any additional discovery on Defendants or [from subjecting] Defendants to any more discovery, including, but not limited to, more depositions of present or former employees." (Doc. 16, p. 2). While

Defendants' request is overly broad, the Court agrees that some limitations on discovery should be imposed if Plaintiffs refile the claim. *See Parker v. Freightliner Corp.* 940 F.2d 1019 (7th Cir. 1991) (Noting that the Court can include limitations on discovery as a proper term when granting dismissal without prejudice.)

As part of the Depakote mass action, Defendants have been subject to years of fact discovery in preparation for multiple trials on substantially similar claims. If Plaintiffs seek to refile the claims against Defendants, the parties will make use of the discovery undertaken thus far to the greatest extent reasonably possible and shall strive not to duplicate in any subsequent action any discovery already undertaken as part of the Depakote proceedings consolidated under Case No. 12-CV-52. As the case must be re-filed in the Southern District of Illinois, the Court declines to issue a blanket discovery bar at this time and instead will take up any assertions by Defendants' of duplicative discovery if and when the claims are refiled.

## Conclusion

Plaintiffs' Motion to Dismiss Without Prejudice is **GRANTED** with the imposition of two conditions: (1) if Plaintiffs seek to reinitiate this legal action in connection with or involving *in utero* exposure to Depakote, the action must be filed in the United States District Court for the Southern District of Illinois; and (2) in the refiled action, the parties will make use of the discovery undertaken thus far to the greatest extent reasonably possible and shall strive not to duplicate in any subsequent action any discovery already undertaken as part of the Depakote proceedings consolidated under Case No. 12-CV-52. (Doc. 14). If Plaintiffs do not wish to accept the conditions on the

dismissal, they have until **June 7, 2017** to withdraw the Motion to Dismiss Without Prejudice.

    **IT IS SO ORDERED.**

    **DATED:**   May 17, 2017

                                                   **NANCY J. ROSENSTENGEL**
                                                 **United States District Judge**